IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

*In re application of*
AGRO-FARMA, INC. and DAVID M.
BLAKESLEE,

                Petitioners,

To Quash A Deposition Subpoena Issued In
Connection with A Proceeding Pending In
Another District By

STONYFIELD FARMS, INC.,

                Respondent.

Civil Action No.
3:10-MC-0061 (TJM/DEP)

_____

APPEARANCES:               OF COUNSEL:

FOR PETITIONER AGRO-FARMA:

HODGSON, RUSS LAW FIRM     RYAN K. CUMMINGS, ESQ.
The Guaranty Building
140 Pearl St., Suite 100
Buffalo, NY  14202-4040

FOR PETITIONER BLAKESLEE:

DREYER BOYAJIAN LLP         SAMUEL BRESLIN, ESQ.
75 Columbia Street
Albany, NY  12207

FOR RESPONDENT STONYFIELD:

ASWAD, INGRAHAM LAW FIRM    THOMAS A. SAITTA, ESQ.
46 Front Street
Binghamton, NY 10022-4834

SHEEHAN LAW FIRM    PETER S. COWAN, ESQ.
1000 Elm Street
Manchester, NH  03101

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

    Petitioners Agro-Farma, Inc. ("Agro-Farma") and David M. Blakeslee ("Blakeslee") have commenced this miscellaneous proceeding seeking to quash a deposition subpoena issued out of this court by respondent Stonyfield Farms, Inc., ("Stonyfield") pursuant to Rule 45 of the Federal Rules of Civil Procedure on July 30, 2010 in connection with an action pending in the United States District Court for the District of New Hampshire, entitled *Stonyfield, Inc. v. Agro-Farma, Inc., et al.*, Civil Action No. 08-CV-0488-JD, seeking to compel the deposition of petitioner Blakeslee, who is neither a party nor employed by a party to the New Hampshire litigation.  Dkt. Nos. 1, 2.  Respondent Stonyfield, the plaintiff in the New Hampshire action, opposes the motion.  Dkt. No. 12.

    Oral argument was conducted in connection with the motion on

October 1, 2010. In preparing for and during the course of that hearing it became clear that the trial court would be better-positioned to determine the questions raised in the parties' papers regarding relevance of the deposition testimony sought to the claims and defenses raised in the underlying action. Accordingly, I find that the interests of parties and of justice would be best served by transferring this matter to the trial court for consideration of petitioner's motion in the first instance. *See In re Digital Equipment Corp.,* 949 F.2d 228, 231 (8th Cir. 1991); *but see In re Sealed Case,* 141 F.3d 337, 340-43 (D.C. Cir. 1998) (holding that Rule 45 provides no authority for such a transfer); *see also Dow Chemical Canada, Inc. v. HRD Corp.* No. 1-05-0023, 2010 WL 2680641, *2 (S.D. Tex. July 2, 2010) (noting a split of authority concerning the power to transfer and collecting cases).

Based upon the foregoing, it is hereby

ORDERED as follows:

1) The clerk of this court is directed to promptly remit this matter to the United States District Court for the District of New Hampshire for further proceedings in that court's discretion relative to the disputed subpoena dated July 30, 2010, seeking to require petitioner Blakeslee to

appear for deposition.

  2) In the event that the trial court declines to accept the transfer and to entertain the motion filed by petitioner Agro-Farma and Blakeslee to quash the disputed subpoena, the matter may be returned to this district and this court is prepared to rule on the pending application.

  3) The clerk is directed to promptly serve copies of this order upon the parties electronically, pursuant to this court's local rules.

Dated: October 5, 2010
    Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge